IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MELINDA GREEN, | ) | |
| | ) | |
| Debtor | ) | CASE NO. 17-17454-MDC |
| | ) | |
| CAPITAL ONE AUTO FINANCE, | ) | |
| A DIVISION OF CAPITAL ONE, N.A. | ) | **HEARING DATE:** |
| Movant | ) | Tuesday, June 19, 2018 |
| | ) | 10:30 a.m. |
| vs. | ) | |
| | ) | **LOCATION:** |
| MELINDA GREEN | ) | U.S. Bankruptcy Court |
| | ) | Eastern District of Pennsylvania |
| Respondent | ) | Courtroom # 2 |
| and | ) | 900 Market Street |
| WILLIAM C. MILLER | ) | Philadelphia, PA 19107 |
| Trustee | ) | |

### STIPULATION

COME NOW, this 27th day of June, 2018, *Melinda Green*, through Debtor's attorney, *Alan B. Liss, Esquire,* and Capital One Auto Finance, a division of Capital One, N.A. ("COAF") by and through its attorneys, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Motion for Relief from the Automatic Stay:

WHEREAS the Debtor owns a 2015 Chrysler 200 Sedan 4D Limited I4, V.I.N. 1C3CCCAB3FN534924 ("vehicle"); and

WHEREAS COAF files a Motion for Relief from the Automatic Stay ("Motion") with respect to missed post-petition payments; and

WHEREAS the Debtor has filed a Response to the Motion; and

WHEREAS the Debtor and COAF seek to resolve the Motion; it is hereby stipulated and agreed that:

1. The post-petition delinquency is $1,909.76 in post-petition arrears, plus $481.00 in attorney's fees and costs as of June 19, 2018.

2. The Debtor shall file an amended Chapter 13 plan providing payment of the post-petition arrears, totaling $2,390.76 within 10 days of the entry of this Stipulation.

3. Thereafter, the Debtor shall remain current with regular monthly payments paid directly to the Movant starting with the regular monthly payment of $481.97 due on July 2, 2018, and all such future payments due on the 2nd of each month thereafter.

4. If Debtor shall fail to have a plan conforming to this Stipulation or the Debtor fails make to ongoing regular monthly payments and Debtor fails to cure said default within fifteen (15) days after notice by COAF (or its counsel) of said default, counsel for COAF may file a Certification of Default with the Court setting forth Debtor's default and COAF shall be granted relief from the automatic stay provisions of Sections 362 of the Bankruptcy Code (11 U.S.C. § 362), and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy. The Debtor shall be allowed to default and cure such default under this Stipulation one (1) time. Should the Debtor defaults a second (2nd) time, notice of the default will be served, but the Debtor will not be granted an opportunity to cure the default and COAF may file a Certification of Default.

5. In the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payment in accordance with this paragraph, then COAF, through counsel, may file a Certification of Default setting forth said failure and COAF shall be granted relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

6. The failure by COAF, at any time, to issue a Notice of Default or file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of COAF's rights hereunder.

7. This Stipulation is a supplement and in addition to the Contract between the parties and not in lieu thereof.

8. Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

BY THE COURT:

_Magdeline D. Coleman_
Magdeline D. Coleman
U.S. BANKRUPTCY JUDGE

Post-Petition Arrears:   $ 1,909.76
Counsel Fees:            $   481.00
*Total:*                 *$2,390.76*

Capital One Auto Finance,
a division of Capital One, N.A.
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107
(267) 909-9036

DATED: 6/25/18

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

Debtors: Melinda Green

By Counsel for Debtor: Alan B. Liss, Esquire

By: _____
Alan B. Liss, Esquire
Brenner & Brenner P.C.
1420 Walnut Street
Suite 720
Philadelphia, PA 19102
(215) 567-2050

DATED: 6/25/2018

6/26/18
No Objection: _____
TRUSTEE
*without prejudice to any trustee rights or remedies